UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JOHNSON, | Case No. 2:19-cv-02001-JDP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ECF No. 33 |
| Defendant. | |

Plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).  ECF No. 33.  He seeks fees in the amount of $16,922.75 based on 79.25 hours of work performed between 2019 and 2022: one hour of work in 2019 at the statutory-maximum rate of $205.25, 31.25 hours in 2020 at the statutory-maximum rate of $207.78, and 47 hours of work in 2021 and 2022 at the statutory-maximum rate for 2021 of $217.54.  *See* ECF No. 33 at 3-6.[1]

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust directs the court to award a reasonable fee."  28

---

[1] Although plaintiff's counsel attests that he performed 24 hours of work in 2022, he seeks fees for this work based on the 2021 hourly rate.  *See* ECF No. 33 at 6.

U.S.C. § 2412(d)(1). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434.

Plaintiff was the prevailing party in this action. *See* ECF Nos. 31 &.32. Furthermore, the government has not filed an opposition to plaintiff's motion and therefore has failed to show that its position was substantially justified. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (holding that the burden of establishing substantial justification is on the government). The court has independently reviewed the record and finds that both the hourly rate and hours expended are reasonable in light of the results obtained.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees, ECF No. 33, is granted.

2. Plaintiff is awarded attorney's fees and costs under the EAJA in the amount of $16,922.75.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

IT IS SO ORDERED.

Dated: December 13, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE